## JAMES B. JOHNSON v. HIS CREDITORS.

In a contest between the creditors of an insolvent the notes or obligations of the insolvent do not make in themselves conclusive proof of the debts apparently due them. They must be supported by such additional evidence of the claim as will satisfy the Judge of its fairness. (Affirming the decisions in 6 Martin N. S. 585, and 4 An. 451.)

Errors of calculation in the judgment must be corrected in the court *a quo*—this court cannot correct them.

16 | 177
52 | 281

APPEAL from the District Court of the Parish of Point Coupee, *Roman*, J. *T. J. & W. H. Cooley & Roy*, for syndic. *P. A. Roy*, *Wm. Beatty* and *John Yoist*, for the creditors. *A. Provosty*, for opponents.

BUCHANAN, J. The syndic placed *Bellocq, Noblom & Co.* as first mortgage creditors for the sum of $3520 84, on his tableau of distribution. They filed an opposition claiming to be creditors for a larger sum than the tableau declares, namely, the amount of two acceptances for the accommodation of the insolvent, of different dates, and secured by two distinct mortgages, duly recorded. Both drafts bear interest ; and the opposition admits a credit, applicable to the earlier in date of the two drafts.

On the trial of the opposition the opponents offered in evidence the two drafts of the insolvent, and the two acts of mortgage granted by him to the opposing

23

creditors for the security of the same. Certain other creditors, who are appellants, opposed the admission of those documents in evidence, on the ground that they are mere admissions of the insolvent, not binding upon his creditors. In support of this objection, the counsel of appellants refers us to a number of decisions of this court, collected in Hennen's Digest, page 741, *verbo* Insolvency XII (b) of which the earliest is *Menendez* v. *Lavionda*, 3d Martin—and the latest, Warren's Succession, 4th Annual.

We do not find that any of these decisions declare the inadmissibility of such evidence as is here offered. The doctrine merely goes to its effect, and may be summed up in the words of *Sabatier* v. *Creditors*, 6 Mart. N. S. 585, repeated in the *Succession of Warren*, 4 An. 451. The court says : " In a contest between the creditors of an insolvent, the notes or obligations of the insolvent do not make in themselves conclusive proof of the debts apparently due them. They must be supported by such additional evidence of the claim, as will satisfy the Judge of its fairness." Now the opponent's case does not rest solely upon written admissions of the insolvent. The tableau recognizes, as we have seen, the opponents to be creditors, with first mortgage, although for a less sum than is claimed in the opposition ; and no other creditor has opposed this item of the tableau. Again the insolvent himself was put upon the stand as a witness, by the appellants, against the appellees. And the evidence of this witness corroborates the declarations of the mortgagees, as to the consideration of the drafts and acceptances. Appellants complain that the judgment does not allow the credit upon the earlier draft, which is admitted in the opposition of appellees ; and the counsel of appellees admit in argument that this credit was improperly omitted. But he contends that the omission was the fault of the counsel of syndic, appellant, who wrote up the judgment ; and that appellees ought not to be mulcted in cost of the appeal, by reason of such omission. It is very evident that we cannot enter into the consideration here presented. It is a matter out of the record. The judgment appealed from, is the act of the officer who signed it. It was the business of the parties to see that it was properly entered ; and if any error of calculation had inadvertently crept into the decree, to address themselves to the Judge for its correction. Or the appellees might have corrected this error, by a *remittitur* of the difference between the decree and their claim.

It was attempted to be shown by the testimony of the insolvent, offered on trial of the opposition by the syndic and the creditors appellant, that the later of the two drafts held by appellees, which draft was dated March 21st 1857, and matured March 15th 1858, was given in settlement of all previous debts, and particularly of the earlier of the drafts, which is dated November 19th 1855, and matured the 1st January 1857. But the witness does not establish this fact. He states, in his examination in chief, that he thought the last draft was in settlement of all his indebtedness to *Bellocq, Noblom & Co.*, and that the earlier draft was given by him to *L. J. Maxent & Co.* But in his cross-examination the witness corrects himself; and states that the first draft was given to *Mr. Grangard ;* and that the last draft was given to *Mr. Maxent* in settlement of an account with him ; that witness drew on *Bellocq, Noblom & Co.*, to pay that amount.

Appellees have answered the appeal, and claim an amendment of the judgment, by allowing them five per cent for attorney's fees, as claimed in their opposition.

The later of the two mortgages held by appellees, contains the following clause : " It is agreed that in case said *Bellocq, Noblom & Co.* should institute legal proceedings for the recovery of moneys due them in pursuance of this act,

then all fees of attorney employed by them to recover the amount due, together with all costs whatsoever incidental thereto, shall be borne and satisfied by him, the said *Johnson*, and covered and secured by the present mortgage, said attorney's fees, however, to be fixed at five per ·cent on the amount due to, and sued for, by said *Bellocq, Noblom & Co.*

This clause is legal. Indeed, no argument has been offered against it by the counsel of appellants. The opposition filed herein, was an institution of legal proceedings for the recovery of money due in pursuance of the act.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, by crediting the draft due the 13th January 1857, with the sum of six hundred and thirty-two dollars and sixty-seven cents ; that it be further amended by allowing appellees one hundred and ninety-one dollars and fifty-four cents, for attorney's fees, being five per cent. on the amount of the draft due 15–18 March 1858, in capital and interest, according to the account current annexed to their opposition ; that in other respects, the judgment of the District Court be affirmed, and that appellees pay costs of appeal.

Voorhies, J. recused himself on the ground of relationship to one of the parties.